IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHNNY GUTLIP AUER WITHERSPOON     *
            Petitioner,
      v.                                                *      CIVIL ACTION NO. DKC-06-743

DHS                                                    *
            Respondent.
                                                    ***

## **MEMORANDUM**

On March 29, 2002, Petitioner Johnny Witherspoon filed a pro se 28 U.S.C. § 2241 Petition for habeas corpus relief challenging his post-removal-order detention. *See Witherspoon v. INS*, Civil Action No. DKC-02-1072. That Petition was dismissed as moot on July 19, 2002, upon information that Petitioner had been released from Department of Homeland Security ('DHS") custody.

On February 13, 2006, the court received a § 2241 application from Petitioner, who was at that time confined at the Columbia Care Center, a mental health facility in Columbia, South Carolina.[1] *See Witherspoon v. Warden*, Civil Action No. DKC-06-366. The Petitioner sought release from detention and court order vacating his order of removal based upon the unsettled situation in war-torn Liberia and the non-violent nature of the criminal conviction which comprised the basis for his charge(s) of removal. On February 16, 2006, the Petition was dismissed for lack of personal and subject-matter jurisdiction.

In the interim period since February 16, 2006, Petitioner has apparently been transferred to Maryland and is housed in DHS custody at the Worcester County Detention Center.[2] On March 17,

---

[1] District Counsel for Immigration & Customs Enforcement ("ICE") confirms that Petitioner had been taken back into ICE custody in October, 2005, and was sent to the South Carolina mental health facility because of issues with his medication.

[2] The Clerk shall amend the docket to reflect the correct service address.

2006, he filed this 28 U.S.C. § 2241 Petition for habeas relief. The allegations raised in the pro se Petition are difficult to decipher. Petitioner first claims that he is subject to a final order of deportation to Monrovia, Liberia, a country that has been destroyed. He then raises rather fanciful claims regarding his family's connection to William David Coleman, who was President of Liberia in the early 1900s, and to William Tubman, who was President of Liberia from 1944 to 1971. Affording Petitioner's claims a generous construction, he appears to be alleging that due to feuds and violence between the Coleman and Tubman families in Liberia and the United States, he is at risk of harm if he is returned to Monrovia, Liberia. He further claims that the famine and employment situation in Monrovia is horrific.

Because he meets indigency requirements, Petitioner's Motion to Proceed In Forma Pauperis shall be granted. The Petition shall, however, be dismissed for lack of subject-matter jurisdiction.

On May 11, 2005, President Bush signed the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005). Included within this far-reaching legislation is the Real ID Act of 2005 or "RIDA." Section 106(a)(1)(B) of RIDA substantially modifies the route aliens must take to seek judicial review of an order of removal.

Section 106(a)(1)(B)(5) states that:

> [N]otwithstanding....section 2241 of title 28, United States Code, or any other habeas corpus provision,....a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issues under any provision of this Act....For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and "jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651....

  RIDA makes the circuit courts the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal.  Consequently, to the extent that Petitioner wishes to raise an attack on his order of deportation, RIDA undoubtedly divests this court of subject-matter jurisdiction to review that challenge.  He may file the appropriate petition in the United States Court of Appeals for the Fourth Circuit.[3]   A separate Order follows.

Date:  3/27/06          /s/
                  DEBORAH K. CHASANOW
                  United States District Judge

---

  [3] Petitioner may file a petition attacking his order of removal in the United States Court of Appeals for the Fourth Circuit, Lewis F. Powell, Jr. United States Courthouse Annex 1100 East Main Street, Suite 501Richmond, Virginia 23219-3517.  This court offers no opinion as to the timeliness or substantive merits of such a petition.